IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Bonny Flerlage, et al., <br><br> Plaintiffs, <br><br> v. <br><br><br> Village of Oswego, et. al., <br><br> Defendants. | Case No. 13 CV 6024 <br><br> The Honorable Sharon Johnson Coleman |

## DEFENDANT VILLAGE OF MONTGOMERY'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, Village of Montgomery, through its attorneys Ellen K. Emery and Elizabeth K. Barton of Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., and pursuant to Federal Rule of Civil Procedure 12(c), respectfully moves this Honorable Court for judgment on the pleadings in its favor. In support, Defendant states as follows:

### INTRODUCTION

On August 26, 2013, Plaintiffs Bonny Flerlage, Tyler Flerlage, Austin Decowski, and Alexia Flerlage filed a Complaint against various law enforcement personnel, including the Village of Montgomery and its "unknown officers", alleging various violations of their constitutional rights based on an incident that occurred during the early morning hours of August 25, 2011. (Dkt. 1.) As to the Village of Montgomery and its "unknown officers," the Third Amended Complaint (filed on January 1, 2014) alleges excessive force on behalf of all of the Plaintiffs (Count I), failure to intervene on behalf of Plaintiffs Austin, Bonny, and Tyler (Count IV), and state law indemnification against the Village (Count VI). (Dkt. 52.) On January 22, 2014, the Village of Montgomery filed an answer to Plaintiffs' Third Amended Complaint.

(Dkt. 58.) To date, Plaintiffs have failed to amend their complaint to identify the "unknown" Montgomery officers. Accordingly, Bonny's, Tyler's, and Austin's claims against them are time-barred and must be dismissed with prejudice.[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that after the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). To succeed under Rule 12(c), the movant must demonstrate that there are no material issues of fact to be resolved, and the court is "not obligated to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Rule 12(c) permits judgment based on the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Id.*

A motion for judgment on the pleadings under Rule 12(c) is reviewed "by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) . . . That is, the court will view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the nonmoving party cannot prevail." *Darwin Nat'l Assurance Co. v. Hellyer*, No. 10 C 50224, 2011 WL 2259801, at *3 (N.D. Ill. June 7, 2011) (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (internal quotation marks and citations omitted)).

## PROCEDURAL HISTORY

Plaintiffs filed their initial Complaint on August 26, 2013, naming Oswego police officers, Kendall County Sheriff deputies, firemen, and the Village of Montgomery and two

---

[1] Alexia Flerlage's claims against the Village of Montgomery and its unknown officers have been dismissed pursuant to a stipulation of dismissal. (Dkt. 101.)

"unknown officers of the Village of Montgomery." (Dkt. 1.) Plaintiffs filed their First and Second Amended Complaints on September 4, 2013 (Dkt. 4) and November 5, 2013 (Dkt. 31), respectively. Plaintiffs eventually filed their Third Amended Complaint (Dkt. 52) on January 7, 2014, which contains the following claims against the Village of Montgomery and its "unknown officers": excessive force on behalf of all Plaintiffs (Count I), failure to intervene on behalf of Austin, Bonny, and Tyler (Count IV), and indemnification against the Village (Count VI). Defendant Village of Montgomery answered the Third Amended Complaint. (Dkt. 58.) Plaintiffs' counsel was granted leave to withdraw her appearance on February 14, 2014. (Dkt. 65.) Plaintiffs were eventually appointed counsel for purposes of settlement (Dkt. 75), and the parties engaged in a settlement conference with Magistrate Judge Martin on October 21, 2014, which was ultimately unsuccessful. (Dkt. 92.)

**ARGUMENT**

I. **PLAINTIFFS BONNY'S, AUSTIN'S, AND TYLER'S CLAIMS AGAINST MONTGOMERY "UNKNOWN OFFICERS" ARE TIME-BARRED.**

Plaintiffs Bonny, Austin, and Tyler have claims against two "unknown officers" from the Village of Montgomery for excessive force (Count I) and failure to intervene (Count IV). (*See* TAC.) Plaintiffs have never sought to amend their complaint to identify the two Montgomery officers, but even if they did, it would be time-barred because it would not relate back to the original complaint.

Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Illinois has a two-year statute of limitations on personal injury claims. *See* 735 ILCS 5/13-202. So, Plaintiffs would have had to bring all of their claims within two years of August 25, 2011. Plaintiff filed their original complaint on August 26, 2013 (Dkt. 1) and their amended complaints on

September 4, 2013 (Dkt. 4), November 4, 2013 (Dkt. 30), and January 7, 2014 (Dkt. 52). All of the pleadings name "two unknown officers" of the Village of Montgomery. Plaintiffs, to date, have never identified the proper Montgomery officers in any of the complaints they filed. Even if Plaintiffs were to now file a Fourth Amended Complaint naming the two Montgomery officers, that pleading would be time-barred and futile unless, pursuant to Rule 15(c), it "relates back" to their earlier timely-filed complaint.

Whether a claim "relates back" to the filing of an original complaint is controlled by Federal Rule of Civil Procedure 15(c), which provides in relevant part:

> (1) An amendment to a pleading relates back to the date of the original pleading when: …
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted if, Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).

Defendant concedes that if Plaintiffs amended their complaint to specifically name the two Montgomery officers, the claims would arise out of the same conduct, transaction or occurrence set out in the original pleading, so that the requirement under Rule 15(c)(1)(B) would be satisfied. However, the issue concerns the requirement in Rule 15(c)(1)(C)(ii) that Plaintiffs

had to have made a "mistake" in identifying the incorrect party. The Seventh Circuit has explained the "mistake" provision of Rule 15:

> We have previously held that the "mistake" clause of Rule 15(c)'s "relation back" provision "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where … there is a lack of knowledge of the proper party." *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980). Since *Wood* … we have repeatedly reiterated that "relation back" on grounds of "mistake concerning the identity of the proper party" does not apply where the plaintiff simply lacks knowledge of the proper defendant.

*Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006).

Under the Seventh Circuit's interpretation, a plaintiff's failure to know the identity of a defendant is not a "mistake," and thus, the court has squarely held unknown officers cannot be added to a complaint after the running of the statute of limitations under Rule 15. *See, e.g., King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000); *Mitchell v. Nesemeier*, No. 11 CV 50329, 2013 WL 5587887, at *5 (N.D. Ill. Oct. 9, 2013) (citing *Worthington v. Wilson*, 8 F.3d 1253, 1255-58 (7th Cir. 1993)); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998). Further, Rule 15(c) does not allow for relation back when the party the plaintiff is seeking to add was not in the original complaint simply because the plaintiff lacked knowledge of the identity of the proper party. *See Baskin*, 138 F.3d at 704-05.

Additionally, "in the absence of mistake in the identification of the proper party, it is irrelevant for purposes of Rule 15(c)(2) whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Wood*, 618 F.2d at 1230; *see also King v. One Unknown Fed. Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) ("we have emphasized that the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him).

In this case, Plaintiffs did not make a *mistake* concerning the identity of the two "unknown Montgomery officers" when they filed their original complaint; they simply did not know the identity of the police officers. Accordingly, if Plaintiffs amended their complaint to name the officers now, that amendment would not relate back to the filing of the original complaint. So, any amendment to the complaint to name the unknown officers would occur after the expiration of the statute of limitations, and the complaint against the Village of Montgomery officers would be time-barred. *See Lockhart v. Village of Riverdale*, No. 02 C 192, 2003 WL 21212589, at *5 (N.D. Ill. May 22, 2003) (dismissing complaint against unknown officers because an amended complaint identifying the officers would be time-barred).

This case is similar to *Baskin*, in which the plaintiff filed a timely original complaint against the City of Des Plaines and unknown police officers, but amended the complaint to name the individual police officer defendant after the statute of limitations had expired. *Baskin*, 138 F.3d 701 (7th Cir. 1998). The Seventh Circuit upheld the district court's ruling that the amendment did not "relate back" under Rule 15(c) because there was no mistake as to the officer's identity when the original complaint was filed. *Id.* Rather, the plaintiff simply did not know who the officer who pulled him over was. *Id.*

Here, Plaintiffs' initial complaint was filed two years after the alleged incident took place, and now, it has been three and a half years since the alleged incident took place. Like in *Baskin*, Plaintiffs in this case cannot establish that they failed to name either of the "unknown officers" from Montgomery within the statute of limitations on account of a mistake, and, therefore, cannot take advantage of Rule 15's "relate back" provision. *See also Flournoy v. Schomig*, 418 Fed. App'x 528 (7th Cir. 2011) (upholding district court's denial of plaintiff's request to amend complaint to identify unnamed prison officials whose names were learned in

6

discovery because the "untimely amendment would not 'relate back' to the date of his original complaint because Flournoy made no mistake; he simply lacked knowledge of the property defendants.") While Plaintiffs would have learned (and indeed did), through minimal discovery, the identities of the two officers, under the Seventh Circuit's interpretation of Rule 15(c), that is different than mistaking the officers' identities. And since there was no mistake as to the officers' identities, Rule 15(c) does not allow relation back of the claims in what would be the Fourth Amended Complaint, even if the officers knew of the lawsuit. *See Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Baskin*, 138 F.3d at 704. Therefore, Bonny's, Austin's, and Tyler's claims against the unknown Montgomery officers must be dismissed.

II. **PLAINTIFFS' INDEMNIFICATION CLAIM AGAINST THE VILLAGE MUST BE DISMISSED IF THE CLAIMS AGAINST THE "UNKNOWN OFFICERS" ARE DISMISSED.**

If the claims against the officers are dismissed, then the state law indemnification claim must be dismissed against the Village. *See* 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.") As discussed in Section I above, all of the claims in Count I and IV should be dismissed as untimely. Therefore, Count VI for indemnification should also be dismissed.

### CONCLUSION

Based on the foregoing, the Village of Montgomery respectfully requests this Honorable Court dismiss the remaining claims against it and its "unknown officers" in their entirety and with prejudice.

Date: January 7, 2015                                    Respectfully Submitted,

/s/ Elizabeth K. Barton
*One of the Attorneys for the Village of Montgomery*

Darcy L. Proctor (ARDC #6199731)
dproctor@ancelglink.com
Ellen K. Emery (ARDC #6183693)
eemery@ancelglink.com
Elizabeth K. Barton (ARDC #6295848)
ebarton@ancelglink.com
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

8

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, hereby certifies that on January 7, 2015, the foregoing Defendant **Village of Montgomery's Motion for Judgment on the Pleadings** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

Bonny Flerlage
101 Prairie Street
Ottawa, IL 61350
flerlagebonny@yahoo.com

Austin Decowski
2026 N. 3372nd Road – Apt. 203
Ottawa, IL 61350
austind71920@gmail.com

Tyler Flerlage
P.O. Box 294
Ottawa, IL 61350

**Attorney for Village of Oswego, Officer Melhouse, Officer Bond, Officer Dilg, Officer Nehring, Officer Graver,**
**Charles E. Hervas**
**Matthew Jakob Hafeli**
Hervas, Condon & Bersani, P.C.
333 Pierce Road
Suite 195
Itasca, IL 60143-3156
(630) 773-4774
Email: chervas@hcbattorneys.com
Email: mhafeli@hcbattorneys.com

**Attorney for Firemen Keith Clancy**
**Stephen H. DiNolfo**
Ottosen Britz Kelly Cooper Gilbert & DiNolfo, Ltd.
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
(630) 682-0085
Email: sdinolfo@obkcg.com

**Attorney for Kendall County, D. Lawson**
**Julie M Koerner**
**Bhairav Radia**
**Brian Matthew Funk**
O'Halloran, Kosoff, Helander & Geitner, P.C.
650 Dundee Road - Suite 475
Northbrook, IL 60062
(847) 291-0200
Email: jkoerner@okgc.com
Email: bradia@okgc.com
Email: bfunk@okgc.com

    s/ Elizabeth K. Barton
ELIZABETH K. BARTON,
Attorney Bar # 6295848
*One of the Attorneys for the Village of Montgomery*

ANCEL, GLINK, DIAMOND, BUSH, DICIANNI
& KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:   (312) 782-7606
Facsimile:    (312) 782-0943
E-Mail:    ebarton@ancelglink.com

4844-7586-6912, v. 1